UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
DAVID SANCHEZ,

                Plaintiff,

vs.                                                   **COMPLAINT**

COUNTY OF WESTCHESTER,
THOMAS GLEASON, JAMES
LUCIANO, CHRISTOPHER CALABRESE,

                Defendants.

-------------------------------------------------x

## PRELIMINARY STATEMENT

By and through this action, plaintiff David Sanchez, a Hispanic, seeks to redress the deprivation of his civil rights perpetrated by the actions and omissions of the defendants.

## PARTIES

1. Plaintiff David Sanchez is a person of legal age who resides within this judicial district. Mr. Sanchez is from Hispanic as his parents were from Peru and Guatemala respectively and he has always so identified and been so identified.

2. Defendant County of Westchester is a municipal corporation organized pursuant to the laws of the State of New York. It may sue and be sued. For the purposes of the decisions challenged herein, the defendants collectively served as the county's decision-makers and established county policy.

1

3. Defendant Thomas Gleason. a Caucasian, is the former Commissioner of the Department of Public Safety who separated from the County in mid-2022. Mr. Gleason's acts and omissions as set forth below were taken under the color of state law.

4. Defendant James Luciano serves, as he has at all relevant times, as Captain or Chief Inspector in the Department of Public Safety and, along with Gleason and Calabrese, have made each of the decisions challenged herein as discriminatory. His acts and omissions as set forth below were taken under the color of state law.

5. Defendant Christopher Calabrese serves, as he has at all relevant times, as Chief Inspector in the Department of Public Safety and, like Luciano, he is also Caucasian. His acts and omissions as set forth below were taken under the color of state law.

**JURISDICTION**

6. As plaintiff alleges that these defendants intentionally violated his right, as provided by the equal protection clause of the Fourteenth Amendment, to equal protection of the law on account of his race, brown, and his national origin, Peruvian/Guatemalan, this honorable court has jurisdiction over this matter pursuant to 42 U.S.C. section 1983, 28 U.SC. sections 1331 and 1343 and 42 U.S.C. section 1988.

**STATEMENT OF FACTS**

7. Plaintiff has worked for the County's Public Safety Department as a road patrol officer for 18 years.

8. Also trained as a paramedic, plaintiff has an unblemished record of service and achievement.

9. For the last eight years, plaintiff has been assigned to Mount Kisco, New York, where his bi-lingual capacity has allowed him to build strong rapport with local business owners and residents.

10. During the last five years, plaintiff has repeatedly sought and been passed over for promotion to the position of detective.

11. During the same period, defendant County has substantially under-employed racial/ethnic minorities in each supervisory rank from Chief Inspector through sergeant, as well as as detectives.

12. Indeed, cumulatively, as of December 4, 2022, of 68 persons serving in these ranks, four are either African American or Hispanic and few Hispanics have served as detectives.

13. This representation is significantly lower than the representation of African American and Hispanics in the labor pool for such positions.

14. Moreover, the defendant County and defendant Gleason have a well-documented history of passing over-qualified persons of color and promoting less well-qualified Caucasian candidates.

15. In this context, in February 2022, named defendants ordered the retirement of plaintiff's police canine.

16. At the time, plaintiff was a widely respected canine officer and his dog had very recently engaged in a major interdiction of narcotics.

17. Plaintiff questioned the decision to retire his capable and relatively young canine and Commissioner Gleason promised that he could maintain the dog.

18. However, within weeks of this discussion, defendant Luciano ordered the retirement of plaintiff's narcotics dog.

19. When plaintiff again complained to defendant Gleason, he stated that this was defendant Luciano's call and refused to intercede.

20. At the same time, defendants allowed Goggin, a much less experienced Caucasian canine officer, to maintain his narcotics dog.

21. When plaintiff questioned this decision, Luciano presented pretextual and baseless reasons for the decision to retire his dog, including that plaintiff had sold his home in Dutchess County, suggesting he was preparing to leave his job with the department and move away; that marihuana was now legal, causing less need for canine dogs; that the department had too many dogs, and

that plaintiff had other duties which were primary, specifically assisting the patrol captain.

22. Plaintiff explained that he was not leaving the department, that the department was keeping other narcotics dogs and that he had more expertise and seniority than their handlers; that his was the only dog being retired even though a white Officer with an active canine had been out of work for almost two years, and, finally, that his captain had made clear that he should make responding to canine calls his priority.

23. Retiring plaintiff's dog caused plaintiff actual economic loss, including the pay differential associated with his role as a canine handler's; higher overtime rate with the dog and other pecuniary benefits he received to care for the service dog.

24. Three months after this intentionally discriminatory decision and instance of injurious disparate treatment, defendants promoted to detective three white officers, Roselli, Hagan, and Goggin, each of whom had with much less experience and qualifications than plaintiff.

25. Before these promotions, plaintiff had made known his interest in promotion to this position to defendants.

26. After this promotion, defendants allowed Goggin to maintain his canine while working as a detective through defendants had explicitly told plaintiff that promotion to this rank was incompatible with maintaining a canine.

27. This initial claim was itself false as several white detectives have maintained job-related canines, including dogs used for drug interdiction.

28. Upon being denied this promotion, plaintiff, and other Hispanic officers in the department [and other supporters] sought data from Gleason showing the representation of Hispanic officers in leadership positions within the department.

29. Gleason refused to divulge any such information and promptly resigned from his position.

30. After these Hispanic officers raised issue with the department's under-employment of minorities in ranking positions, in December 2022, defendant county promoted plaintiff to the rank of detective.

31. At the promotion ceremony, defendant Calabrese took his hand and rubbed plaintiff's silver police officer shield as he stated that this shield looked good on him, a not-so-subtle reminder that he had opposed plaintiff's promotion.

32. Plaintiff has suffered emotional distress and pecuniary loss from defendants' decision to retire his capable canine.

33. Plaintiff has suffered emotional distress, humiliation, and pecuniary loss from defendant's decision to not promote him in May 2022.

34. The individual defendants are collectively policymakers for the County regarding the decisions challenged herein.

## AS AND FOR A FIRST CAUSE OF ACTION – ALL DEFENDANTS

34. Plaintiff incorporates paras. 1-33 as if fully incorporated herein.

35. By removing his canine, defendants engaged in disparate treatment and discrimination in violation of the equal protection clause of the Fourteenth Amendment as made actionable by 42 U.S.C. section 1983.

## AS AND FOR A SECOND CAUSE OF ACTION – ALL DEFENDANTS

36. Plaintiff incorporates paras. 1-35 as if fully set forth herein.

37. By promoting Roselli, Hagan, and Goggin in May 2022, though plaintiff had plainly superior qualifications, defendants engaged in intentional discrimination based upon race and national origin prohibited by the Equal Protection clause of the Fourteenth Amendment as made actionable by 42 U.S.C. section 1983.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff prays that this Court accept jurisdiction over this matter, convene a *petit* jury to hear and decide all issues within its authority and purview; award plaintiff compensatory damages for pecuniary loss and for pain and suffering caused by defendants' actions and omissions; enter

equitable relief required to adjust plaintiff's pension benefits to mirror what they would have been absent the cited discriminatory acts and omissions; award plaintiff punitive damages against the individual defendants as their actions were wanton and violated plaintiff's long clearly established constitutional right to be free from racial discrimination in promotions; award plaintiff attorneys' fees and costs pursuant to 42 U.S.C. section 1988, and enter any other and further relief as the interests of law and equity require.

Dated: 20 January 2023

Respectfully submitted,

Michael H. Sussman [3497]

SUSSMAN & GOLDMAN
1 Railroad Avenue, Ste. 6
Goshen, NY 10924
(845)-294-3991

Counsel for Plaintiff David Sanchez